### UNITED STATES of America

v.

### George Nye OSBURN and Robert Allott Osburn.

#### Crim. No. 2:90–CR–13–WCO.

United States District Court,
N.D. Georgia,
Gainesville Division.

Feb. 13, 1991.

Carolyn J. Adams, Asst. U.S. Atty., Atlanta, Ga., for U.S.

C. Michael Abbott, Atlanta, Ga., for George Osburn.

Joseph Homans, Gainesville, Ga., for Robert Osburn.

## ORDER

O'KELLEY, Chief Judge.

Presently before the court is the defendants' due process claim and motion to declare the penalty phase of the statute and related sentencing guidelines unconstitutional.

## FACTUAL BACKGROUND

The defendants have been charged with conspiracy to manufacture marijuana in violation of 21 U.S.C. sec. 846 and 841. The defendants allege that the statutory penalty scheme under which they are charged, and the sentencing guideline scheme under which they will be sentenced, are unconstitutional under the Fifth Amendment Due Process Clause. Specifically, the defendants allege that the statute and guideline scheme provide no rational basis between the offense committed and the penalty by: (1) providing a classification scheme with no rational basis between those convicted of an offense involving marijuana plants and those convicted of marijuana and other drug offenses whose penalties are based on actual weight or equivalencies; (2) providing a classification scheme with no rational basis between those convicted of an offense involving more than 50 plants and those convicted of an offense involving less than 50 plants; and (3) providing a classification scheme with no rational basis between those raising marijuana plants who were arrested before the plants were harvested and are sentenced according to the "plant" classification and those raising marijuana plants who were arrested after the plants were harvested and are sentenced according to actual weight.

The pertinent statute, 21 U.S.C. sec. 841(b), provides in part:

(b) except as otherwise provided ... any person who violates subsection (a) of this section shall be sentenced as follows:

(1)(A) In the case of a violation of subsection (a) of this section involving—

(vii) 1000 kilograms or more of a mixture or substance containing a detectable amount of marijuana, or 1000 or more marijuana plants regardless of weight ...

such person shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life ...

(B) In the case of a violation of subsection (a) of this section involving—

(vii) 100 kilograms or more of a mixture or substance containing a detectable amount of marijuana, or 100 or more marijuana plants regardless of weight ...

such person shall be sentenced to a term of imprisonment which may not be less than 5 years and not more than 40 years ...

(D) In the case of less than 50 kilograms of marijuana, except in the case of 50 or more marijuana plants regardless of weight ... such person shall ... be sentenced to a term of imprisonment of not more than 5 years....

The Sentencing Guideline applicable to this case, sec. 2D1.1, prescribes base offense level 24 for the defendants (98 plants were confiscated from the defendants and level 24 offenses involve at least 80 kilograms but less than 100 kilograms of marijuana). The Sentencing Commission's footnote to the Drug Quantity Table as to offenses involving marijuana states:

In the case of an offense involving marihuana plants, if the offense involved (A) 50 or more marihuana plants, treat each plant as equivalent to 1 KG of marihuana; (B) fewer than 50 marihuana plants, treat each plant as equivalent to 100G of marihuana. *Provided*, however, that if the actual weight of the marihuana is greater, use the actual weight of the marihuana. U.S.S.G. sec. 2D1.1.

On December 14, 1990, this court heard oral argument as to the present motion from counsel for the parties involved. At that hearing, the defendants presented the testimony of Dr. Mahmoud A. ElSohly, Research Professor and Program Coordinator of the Drug Abuse Research Program from the Research Institute of Pharmaceutical Sciences, School of Pharmacy, University of Mississippi located in Oxford, Mississippi. One of Dr. ElSohly's primary areas of research is to be involved in the production of marijuana for research. T–9. He has been involved in the growing of marijuana since 1976 and he is the only person who has a contract with the government to grow marijuana for research. T–9–11. He has a Ph.D in pharmacognosy, has published over 100 research papers and has testified in over 60 criminal trials related to drugs of abuse. T–13, 14. At the December 14th hearing, Dr. ElSohly was admitted as an expert in the chemistry and botany of cannabis (marijuana producing plant) and the production of marijuana for research purposes.

Dr. ElSohly stated that different varieties of marijuana have different growing cycles, i.e. the quick growing cycle variety will produce mature plants within 8 weeks, the medium variety within 12–16 weeks, and the late variety within 20–24 weeks. T–21. Dr. ElSohly testified that the quick variety has an average yield of 1–2 ounces or less of marijuana, the medium variety has an average yield of 4–12 ounces, and that the late variety has an average yield of 4 oz–2 lbs. T–21. Dr. ElSohly opined that most illicit growers grow the medium variety because the quick variety is low in THC, the active ingredient in marijuana, and the late variety takes too long to harvest in light of the risk of detection by law enforcement. T–27, 28.

Dr. ElSohly performed a consecutive 2-year study to determine the average weight of usable marijuana produced by a cannabis plant. T–16. In this study, Dr. ElSohly used both Mexican and Colombian plant material. In the first year, using Mexican plants, Dr. ElSohly's plants averaged 222.37 grams (.2 kilo) of usable marijuana. T–25. In the second year, using Colombian plants, Dr. ElSohly's plants averaged 273 grams of usable marijuana. T–26. The highest production of any of the plants was 709 grams. T–42.

Dr. ElSohly testified about certain ways to increase the yield of cannabis plants, i.e. topping the plants and intensive gardening, however, he further testified that he had never seen or grown a plant that produced 1 kilogram (2.2 lbs.). T–29, 30. Dr. ElSohly testified that the biggest single plant that he ever grew produced about 2 pounds. T–30. Significantly, Dr. ElSohly testified that, even under ideal conditions, he would not expect to get an average of 1 kilogram of marijuana per plant because that would mean that some plants would weigh as much as 5 pounds which is not possible. T–43, 44. Dr. ElSohly testified that a sentencing scheme based on 100 grams per plant would be reasonable, but a scheme based on 1 kilogram or 1000 grams per plant would be very unreasonable. T–39.

## ANALYSIS

In the present case, the defendants contend that Sentencing Guideline sec. 2D1.1 violates their due process rights. It is well established that a defendant is not entitled to an "individualized sentencing, and Congress may constitutionally prescribe mandatory sentences or otherwise constrain the exercise of judicial discretion *so long as such constraints have a rational basis.*" (emphasis added) (citations omitted) *United States of America v. Huerta*, 878 F.2d 89, 94 (8th Cir.1989); *See Mistretta v. United States*, 488 U.S. 361, 109 S.Ct. 647, 102 L.Ed.2d 714 (1988) (holding that the Sentencing Guidelines are constitutional);

*United States v. La Guardia,* 902 F.2d 1010, 1014–1015 (1st Cir.1990). In *U.S. v. Buckner,* 894 F.2d 975, 978 (8th Cir.1990), the court stated, "In determining the sentencing *ranges* for drug offenses, the United States Sentencing Commission began with the *minimum* penalties set forth by Congress in 21 U.S.C. sec. 841(b). The 100 to 1 ratio of cocaine to cocaine base in the Guidelines is derived directly from Section 841(b) ..." Likewise, the 1 kilogram of marijuana to 1 marijuana plant ratio in the Guidelines, challenged by the defendants in the present case, is derived directly from Section 841(b), which mandates the same minimum sentence for crimes involving "1000 kilograms or more of a mixture or substance containing a detectable amount of marijuana" and crimes involving "1000 or more marijuana plants regardless of weight," and the same minimum sentence for crimes involving "100 kilograms or more of a mixture or substance containing a detectable amount of marijuana" and crimes involving "100 or more marijuana plants regardless of weight." [1] 21 U.S.C. sec. 841(b)(1)(A)(vii) and 841(b)(1)(B)(vii). Clearly, the United States Sentencing Commission only implemented congressional directives as set forth by statute when applying the 1 kilogram to 1 plant ratio to its delineation of sentencing ranges. *See Buckner,* 894 F.2d at 978.

Acts of Congress are subject to judicial review, "[b]ut by their very nature such inquiries, where the legislative judgment is drawn in question, must be restricted to the issue whether any state of facts either known or which could reasonably be assumed affords support for it." *United States v. Carolene Products Co.,* 304 U.S. 144, 154, 58 S.Ct. 778, 784, 82 L.Ed. 1234 (1937). In *Buckner,* the court stated, "[w]e review acts of Congress with considerable deference. Acts do not offend principles of substantive due process if they bear a 'reasonable relation to a proper legislative purpose, and are neither arbitrary

nor discriminatory.'" 894 F.2d at 978, [citing *Nebbia v. New York,* 291 U.S. 502, 537, 54 S.Ct. 505, 516, 78 L.Ed. 940 (1934) ]. The court further stated that "courts should not and do not try 'to determine whether [the statute] was the correct judgment or whether it best accomplishes Congressional objectives; rather, [courts] determine [only] whether Congress' judgment was rational'" *Id.* [citing *United States v. Holmes,* 838 F.2d 1175, 1178 (11th Cir. 1988) ]. Thus, the focus of this court's inquiry is whether there is a rational basis for Guideline sec. 2D1.1.

In the captioned case, Sentencing Guideline sec. 2D1.1 treats each plant as equivalent to 1000 grams of marijuana because the defendants' offense involved more than 50 plants.[2] The defendants correctly point out that, as to offenses involving marijuana, the Drug Quantity Table established by the Sentencing Commission is "equivalency based." In *United States v. Bradley,* 905 F.2d 359, 360 (11th Cir.1990), the court stated that the weight measurement of marijuana plants contained in the Drug Quantity Table "apparently refers not to the actual weight of the live plants, but to the weight of harvested marijuana *or its equivalent.*" (emphasis added). However, the record in this case demonstrates that 1000 grams is not the equivalent of the amount of marijuana that can be harvested from a mature marijuana plant. Although he has conducted many years of intensive research, in which he tried to force plants to produce as much marijuana as possible, Dr. ElSohly testified that he has never grown a single plant that produced 1000 grams of marijuana. Dr. ElSohly further testified that it would be impossible for 1000 grams to be the average yield of marijuana from cannabis plants. Significantly, the government presented no evidence to support the 1000 gram ratio and, thus, failed to suggest that it is anything other than arbitrary.

---

1. Section 841(b) also sets forth a minimum sentence for crimes involving "less than 50 kilograms of marihuana, *except in the case of 50 or more marihuana plants regardless of weight ...*" 21 U.S.C. sec. 841(b)(1)(D).

2. The Guideline directs the court to use the Drug Quantity Table to determine the defendant's offense level. *See* U.S.S.G. 2D1.1(a)(3).

In *United States v. Streeter*, 907 F.2d 781 (8th Cir.1990), the defendants argued that the Sentencing Guidelines' Drug Quantity Table was invalid to the extent that it automatically equated one marijuana plant to 100 grams in cases involving less than 50 plants,[3] since the language of the applicable statute indicated that the actual weight of the plants should be used in cases of less than 50 plants. The court held that the Guideline conflicted with the policy of the statute, and that the statute must prevail. *Streeter, supra,* at 790.[4] Significantly, the court stated:

> [i]f there were some reason to believe that the average weight of marijuana plants grown in quantities of less than fifty is one hundred grams, the Commission's choice could perhaps be defended. The Commission is an agency created by Congress with power to make rules to carry out its purpose. We review its rules with deference, and we may not substitute our judgment on policy matters for that of the Commission. *But a Guideline that is arbitrary and capricious cannot be given effect in court.* We have been offered and we can find no rational basis to support the one hundred grams-to-plant ratio. [citations omitted] (emphasis added) *Id.*

In the present case, the court agrees with the defendants' argument that the case against the 1000 gram ratio is stronger than the case against the 100 gram ratio in *Streeter* since there is not merely a lack of evidence that plants in groups of 50 or more produce an average of 1000 grams of marijuana, but there is affirmative evidence that the presumption is false. The record demonstrates that no group of plants could produce an *average* of 1000 grams of marijuana and it is highly unlikely that any single plant could ever produce 1000 grams of marijuana.

**3.** The court notes that this case involved the Sentencing Guidelines prior to being amended.

**4.** The court noted that "there is simply no evidence to support an irrebuttable presumption that every plant of marijuana appearing in a group of fewer than fifty weighs one hundred grams." *Id.* at 790–791.

■ In *United States v. Bradley,* 905 F.2d 359 (11th Cir.1990), the defendant argued that the district court incorrectly applied the Sentencing Guidelines because it sentenced him based on the number of marijuana plants confiscated rather than on the weight of the plants. The court held that the district court had correctly applied the Guidelines and that the number of marijuana plants was the appropriate measure in an offense involving plants. *Id.* at 360. The court stated:

> When marijuana is found in live plant form, weight is irrelevant, because the actual amount of usable marijuana had the plant been allowed to fully grow is unknown … If weight were used as the measure, the Guidelines would reward a defendant for being arrested early in the growing cycle before his plants have matured. An interpretation of the Guidelines resulting in this situation would not be proper. (citations omitted). *Id.* at 361

This court agrees with the Eleventh Circuit's holding that the number of plants rather than actual weight is a proper measure to use in sentencing a defendant for an offense involving live plants. A defendant should not be rewarded because of the effectiveness of law enforcement in discovering and confiscating marijuana while it is still growing. It is logical that all plants confiscated should be treated as mature and be given a fair average weight, i.e. an equivalency. In *Bradley,* each plant was considered to be the equivalent of 100 grams.[5]

■ The government cites *Bradley* in support of its position that the 1000 gram ratio does not violate the defendants' due process rights. However, *Bradley* is clearly distinguishable from the case at hand as it presents an entirely different issue. The issue in *Bradley* was whether the number of plants confiscated was an appropriate

**5.** As in *Streeter,* the court in *Bradley* used a 100 gram equivalency because the offense occurred before the most recent amendment to the Guidelines.

measure by which to sentence the defendant, while the issue in the present case is whether there is a rational basis for the 1000 grams per plant equivalency now prescribed by the Guidelines. The record demonstrates that it is not possible for 1000 grams per plant to be a rational equivalent of marijuana harvested from any given group of plants. Significantly, the court notes that actual weight is the measure used to sentence defendants involved in offenses in which the marijuana has already been harvested and is in dry form. Thus, the court finds the facts in the anomalous situation whereby a defendant who is not arrested until after he has harvested the marijuana will inevitably receive a lighter penalty than a defendant who is arrested while the plants are still growing because no group of plants, no matter how mature, will ever produce an average of 1000 grams of marijuana per plant and it is highly unlikely that any single plant will produce 1000 grams.

The court finds that there is no rational basis to support the Commission's 1000 grams per plant ratio for plants in groups of 50 or more. The record clearly demonstrates that a 1000 gram equivalency cannot be empirically supported. Accordingly, the defendants' motion is granted, and the court finds that the Guidelines' Drug Quantity Table is unconstitutional to the extent that it treats one plant as equivalent to 1000 grams of marijuana.

Since the court has concluded that the applicable Guideline equivalency is unconstitutional, it must determine another measure by which to sentence the defendants. Dr. ElSohly testified that the average amount of marijuana produced by the medium growing cycle variety of cannabis plants is 4–12 ounces per plant. 12 ounces = approximately 340 grams. The court hereby finds that 300 grams per plant is a rational equivalency to the amount of marijuana produced by the average cannabis plant and sentences the defendants accordingly.

### CONCLUSION

For the foregoing reasons, after careful consideration, the court grants the defendants' motion and finds that Sentencing Guideline sec. 2D1.1 is unconstitutional to the extent that the Drug Quantity Table treats one cannabis plant as equivalent to 1000 grams of marijuana. The court notes that it does not find the applicable statutory penalty scheme unconstitutional.

IT IS SO ORDERED.