**UNITED STATES of America, Plaintiff,**

v.

**Rodney K. LEE, Defendant.**

**No. 89–10093–01.**

United States District Court,
D. Kansas.

April 12, 1991.

Kim I. Martin, Asst. U.S. Atty., Wichita, Kan., for plaintiff.

Cyd Gilman, Asst. Federal Public Defender, Wichita, Kan., for defendant.

## MEMORANDUM AND ORDER

PATRICK F. KELLY, District Judge.

Defendant Rodney Lee, convicted of one count of attempting to possess marijuana with the intent to distribute, has filed a memorandum with the court in which he argues that an application of the mandatory sentencing provision contained in 21 U.S.C. § 841(b)(1)(B)(vii) would cause an unconstitutional violation of equal protection guarantees. The government has responded, contending that the mandatory minimum sentencing provision of the statute does not violate constitutional norms. In a hearing conducted April 8, 1991, the defendant and the government were given the opportunity to present to the court oral arguments in support of their positions. Consistent with the views expressed by the court during the course of the April 8 hearing, and for the reasons enumerated below, the court finds that an application of the mandatory minimum sentencing provision would be unconstitutional.

The challenged portion of 21 U.S.C. § 841(b) requires a minimum 5 to 40 year sentence if the defendant possesses with intent to distribute

> 100 kilograms or more of a mixture or substance containing a detectable amount of marijuana, or 100 or more marijuana plants regardless of weight.

At this point, it is important to take note of what is not at issue here. The creation of mandatory penalties based on the possession of a given number of marijuana plants is rationally related to a legitimate

government objective, and hence is constitutionally valid. *United States v. Bradley*, 905 F.2d 359 (11th Cir.1990). In *Bradley*, the Eleventh Circuit held that it was permissible to apportion punishment on the basis of the possession of a given number of plants rather than the weight of the plants. Otherwise, the court noted, marijuana growers who are apprehended early in the plant's growing cycle would receive an undeserved benefit if the law looked solely to the weight of the plants involved.

The present case involves another issue entirely—not whether punishment may be based on the possession of a given number of plants, but whether the number of plants specified in the statute as triggering enhanced punishment bears any rational relationship to the threshold for enhanced punishment calculated on the basis of plant weight. Put another way, is there any rational relationship between 100 marijuana plants (regardless of their status in the growth cycle), which triggers the mandatory sentence requirement of 21 U.S.C. § 841(b), and the 100 kilograms of marijuana "mixture or substance" which also requires the imposition of mandatory sentencing?

The court finds that there is not. Evidence adduced at the hearing of the present matter indicates that the equation of one marijuana plant to one kilogram (1000 grams) of marijuana substance is purely arbitrary.

The government initially argued in its brief that there was a rational basis for the selection of a number of plants as a trigger for enhanced sentencing in addition to the identification of a given weight of marijuana material. Otherwise, the government argued, growers who were apprehended early in the growing cycle of their crop might escape the just punishment for their activities due to the fortuitous accident of the timing of their arrest. This of course is the point made by the Eleventh Circuit in *Bradley*, and is not relevant here. The issue is not whether Congress had a rational basis for establishing mandatory minimum punishment based on the possession of a given number of marijuana plants or a

given weight of marijuana. The issue is whether there was any rational basis for the number of marijuana plants (100) actually selected by Congress as triggering the minimum sentence, in comparison to the weight (100 kg) of marijuana material which also triggers the minimum sentencing provision.

At the hearing of the present matter, the government presented no evidence that a marijuana plant, even under optimum growing circumstances, can ever yield a kilogram of marijuana substance. The government did argue that by taking cuttings from a marijuana plant, a grower could produce new plants. That is, 100 plants could be made into 200, into 400, into 800 plants, etc. At some point, so many plants would have been produced that there might be 100 kilograms of marijuana substance in the grower's crop.

The problem with this theory is that it simply begs the constitutional question. If the grower takes this route of producing cuttings from his plants, seeking to obtain 100 kilograms of marijuana substance, he will necessarily have many times the number of marijuana plants specified in the statute. Congress did not choose the possession of 1,000 plants as the trigger for the five-year minimum sentence provision, it chose 100 plants. For the sentencing statute to be applied consistent with constitutional guarantees, there must be some rational basis for the selection of 100 plants as the trigger for enhanced sentencing, rather than some higher or lower number.

If the court is presented with two defendants convicted of possession with intent to distribute marijuana, one having had 100 marijuana plants and the other 100 kilograms of marijuana material, under 21 U.S.C. § 841(b)(1)(B)(vii) the court must subject both defendants to a mandatory minimum five-year sentence. Yet the uncontroverted evidence supplied to the court indicates that 100 marijuana plants can never produce 100 kilograms of marijuana substance. The only conclusion available to the court is that the selection of the 100 plant figure was arbitrary.

This conclusion is consistent with a recent decision by the District Court for the Northern District of Georgia in *United States v. Osburn,* 756 F.Supp. 571 (N.D.Ga. 1991). The case approaches the issue from a due process standpoint rather than equal protection, and it addresses the constitutionality of the sentencing guidelines rather than directly focusing on the statute itself. Otherwise, the case is directly relevant here. The court found that there was no rational basis for the relationship established in the statute between a single marijuana plant and a kilogram of marijuana product. As a result, the court concluded that the portion of the sentencing guidelines which are based on 21 U.S.C. § 841(b)(1)(B)(vii) could not be used in sentencing the defendant.

IT IS THEREFORE ORDERED this 12th day of April, 1991, that application of the five-year minimum sentence provision would offend the constitutional principle of equal protection. Accordingly, the court will impose a sentence consistent with the sentencing guidelines otherwise relevant to the defendant's crime.