**UNITED STATES of America**

v.

**Scott WATSON.**

**Crim. No. 2:91CR00044 (EBB).**

United States District Court,
D. Connecticut.

Jan. 27, 1992.

Thomas Dennis, Federal Public Defender, Hartford, Conn., for defendant.

Alex Hernandez, Asst. U.S. Atty., New Haven, Conn., for plaintiff.

## RULING ON MOTION TO DECLARE MARIHUANA PLANT GUIDELINES UNCONSTITUTIONAL

ELLEN B. BURNS, Chief Judge.

The defendant, Scott Watson, was indicted in a two-count indictment by a grand jury on July 9, 1991. The first count alleges that Watson knowingly and intentionally conspired with his codefendant to manufacture marihuana in violation of Title 21, United States Code, Sections 841(a)(1) and 846. Count Two alleges that Watson, together with his codefendant, knowingly and intentionally manufactured in excess of one-hundred marihuana plants in violation of Title 21, United States Code, Section 841(a)(1). On November 12, 1991, the defendant, Scott Watson, pled guilty to Count One of the indictment.

The defendant has moved this court to declare the Sentencing Guidelines relating to marihuana plant offenses unconstitutional. The defendant contends that the ratio

adopted by the Sentencing Commission equating one marihuana plant with one kilogram of marihuana for plants in groups of fifty or more rests upon no rational basis, is discriminatory in purpose and effect, and thus deprives offenders of equal protection and substantive due process. The Government argues that the equivalency ratio assigned by the Sentencing Commission is rationally related to the legitimate governmental interest in promoting and protecting the public's health and welfare and in providing harsh sentences for violations of specific federal narcotics laws. The Government further argues that although the ratio may assign a higher weight to a given plant than its actual yield, this reflects a decision by Congress and the Sentencing Commission regarding the seriousness of the offense of growing marihuana.

For the reasons stated below, the defendant's motion to declare the marihuana plant guidelines unconstitutional is denied.

DISCUSSION

The defendant is subject to the provisions of the Sentencing Reform Act and the Guidelines promulgated by the United States Sentencing Commission, including the amendments through November 1, 1991.[1] An explanatory footnote to § 2D1.1, the relevant sentencing guideline, provides:

In the case of an offense involving marihuana plants, if the offense involved (A) 50 or more marihuana plants, treat each plant as equivalent to 1 KG of marihuana; (B) fewer than 50 marihuana plants, treat each plant as equivalent to 100 G of marihuana. *Provided,* however, that if the actual weight of the marihuana is greater, use the actual weight of the marihuana.

U.S.S.G. § 2D1.1 n.*. As stipulated in the plea agreement, the offense involved a conspiracy to grow 406 marihuana plants. According to Guideline 2D1.1 this is to be treated for sentencing purposes as equivalent to an offense involving 406 kg of marihuana. The issue at hand is whether there exists a rational basis for equating each of these marihuana plants with one kilogram of marihuana.

In the provision in U.S.S.G. § 2D1.1 quoted above, the Sentencing Commission followed exactly the methodology established by Congress in its recent amendments to Title 21 U.S.C. § 841(b)(1)(A) and (B). Senator Biden explicitly stated the rationale for these amendments:

841(b)(1)(A) provides for a mandatory minimum 10 year penalty for distribution, or possession with intent to distribute, of "1,000 kilograms or more of a mixture or substance containing a detectable amount of marijuana." Defendants charged with possessing large quantities of marijuana plants have argued that the statutory definition of marijuana specifically excludes the seeds and stems of the plant, and that therefore these items may not be counted toward the 1,000 kilogram requirement.

The government has argued in response that the term "mixture or substance" encompasses all parts of the plants as harvested, notwithstanding the statutory definition of "marijuana", but defendants contend that the "mixture or substance" language applies only to marijuana after it has been prepared for illegal distribution. The defendants' position has been adopted by at least one court. *United States v. Miller*, 680 F.Supp. 1189 (E.D.Tenn.1988).

The amendment is intended to curtail this unnecessary debate by providing that *the minimum penalty is triggered either by the weight of the "mixture or substance" or by the number of plants regardless of weight. The bill uses 1,000 plants as the equivalent of 1,000 kilograms.*

*United States v. Lewis*, 762 F.Supp. 1314, 1315–16 (E.D.Tenn.), *aff'd*, 951 F.2d 350 (6th Cir.1991) (citing 134 Cong.Rec. S17360, S17368 (daily ed. Nov. 10, 1988) (statement of Senator Biden)) (emphasis added). In equating one marihuana plant with 1000 grams of marihuana, the Sentencing Commission merely implemented Congress's directive. In the present case, the defendant

---

**1.** The offense to which the defendant pled guilty occurred in June of 1991.

has stated that he does not challenge the constitutionality of the statutory amendments because he has not been convicted of an offense carrying a mandatory minimum penalty. Nevertheless, Guideline 2D1.1 must withstand a constitutional challenge absent a finding that 21 U.S.C. § 841(b)(1) is unconstitutional. *United States v. Webb*, 945 F.2d 967, 969 (7th Cir.1991). Therefore, the court must consider whether there was any rational basis for the congressional establishment of this ratio as well as for the Commission's implementation of the statutory directive.

Courts must be very deferential when reviewing legislation. If statutes "are seen to have a reasonable relation to a proper legislative purpose, and are neither arbitrary nor discriminatory, the requirements of due process are satisfied...." *Nebbia v. New York*, 291 U.S. 502, 537, 54 S.Ct. 505, 516, 78 L.Ed. 940 (1934). "[W]here the legislative judgment is drawn in question, [inquiry] must be restricted to the issue whether any state of facts either known or which could reasonably be assumed affords support for it." *United States v. Carolene Products Co.*, 304 U.S. 144, 154, 58 S.Ct. 778, 784, 82 L.Ed. 1234 (1938). *See also United States v. Huerta*, 878 F.2d 89, 94 (2d Cir.1989), *cert. denied*, 493 U.S. 1046, 110 S.Ct. 845, 107 L.Ed.2d 839 (1990) (Congress may constrain the exercise of judicial discretion so long as such constraints have a rational basis.). If Congress had a rational reason reasonably related to a proper legislative purpose for equating one marihuana plant with one kilogram of marihuana then the Guideline in question must survive a constitutional challenge.

The defendant claims this equivalency is arbitrary for two reasons: 1) The distinction drawn between offenses involving plants, in which sentences are based on an irrebuttable presumption that one plant equals one kilogram of marihuana, and other drug or marihuana offenses in which sentences are based upon the actual weight is arbitrary and rests upon no rational basis; and 2) The distinction drawn between offenses involving plants and those involving harvested marihuana results in substantially different sentences being imposed depending solely upon the time of arrest and lacks any rational basis. Defendant relies on two district court decisions in support of his position: *United States v. Osburn*, 756 F.Supp. 571 (N.D.Ga.1991); and *United States v. Lee*, 762 F.Supp. 306 (D.Kan.1991).

The *Osburn* court held there was no evidence to support the Commission's one kilogram of marihuana per plant equivalency ratio for plants in groups of fifty or more, and therefore, the ratio was arbitrary and violated the due process clause of the Fifth Amendment. *Osburn*, 756 F.Supp. at 576. The court relied on the testimony of an expert witness, Dr. ElSohly, whose area of specialization involved the production of marihuana for research. Dr. ElSohly testified that a marihuana plant cannot be expected to yield one kilogram of marihuana.[2] *Id.* at 573. After concluding that the applicable sentencing guideline was unconstitutional, the *Osburn* court found that 300 grams per plant was a rational equivalency and sentenced the defendants accordingly. *Id.* at 576. In *United States v. Lee*, 762 F.Supp. 306, 307 (D.Kan.1991), the court held that there was no rational basis for the Congressional selection of the number one hundred as the quantity of marihuana plants that triggers the statutory mandatory minimum sentence. The *Lee* court concluded from evidence adduced at a hearing that one-hundred marihuana plants can never produce one-hundred kilograms of marihuana and that, therefore, the minimum sentence provision of 21 U.S.C. § 841(b)(1)(B)(vii) violated the constitutional principle of equal protection. *Id.*

The court declines to join in the holding of the *Osburn* court and the reasoning of the *Lee* court. This court finds that in equating a marihuana plant with one kilogram of marihuana for plants in groups of fifty or more, the Sentencing Commission

---

**2.** The court received this testimony during oral argument on defendants' motion to declare the penalty phase of the statute and related sentencing guidelines unconstitutional.

implemented a congressional directive that was rational and reasonably related to a proper legislative purpose. *See United States v. Motz,* 936 F.2d 1021, 1025 (9th Cir.1991); *United States v. Webb,* 945 F.2d 967, 968 (7th Cir.1991); *United States v. Lewis,* 762 F.Supp. 1314, 1315–16 (E.D.Tenn.), *aff'd,* 951 F.2d 350 (6th Cir. 1991); *United States v. Ross, et al.,* 778 F.Supp. 393 (S.D.Ohio 1991). While a marihuana plant is still growing the exact weight of the marihuana the plant will yield can not be determined. *United States v. Ross,* 778 F.Supp. 393, 398 (S.D.Ohio 1991). For this reason, the weight of marihuana found in live plants is irrelevant and it was quite rational for Congress and the Commission to use the number of plants instead of the weight as the basis for the guidelines. *United States v. Graham,* 710 F.Supp. 1290, 1291 (N.D.Cal. 1989), *aff'd,* 909 F.2d 359 (9th Cir.1990). In fact, the defendant in the present case does not contest the Commission's authority to use the number of marihuana plants; rather, he challenges only the assignment of the equivalency of one kilogram of marihuana to each marihuana plant.

The court disagrees with the premise of the defendant's challenge: that the weight assigned to each plant for sentencing purposes must represent some rational approximation of the amount of marihuana a plant would produce. Defendant apparently has misunderstood the meaning of the one plant—one kilogram equivalency ratio. The Guideline does not state that the yield of each marihuana plant will be one kilogram if the plant is in a group of fifty or more plants. Rather, it mandates that the offense level for a crime involving 406 marihuana plants be the same level as that for a crime involving 406 kilograms of dried marihuana. *See United States v. Motz,* 936 F.2d 1021, 1025 (9th Cir.1991). The defendant is correct that it is not clear that a marihuana plant can produce a kilogram of marihuana. *Compare Osburn,* 756 F.Supp. at 575 (court stated that the record demonstrated that no group of plants could produce an average of 1000 grams of marijuana and it is highly unlikely that any single plant could ever produce 1000 grams

of marijuana) *with United States v. Lewis,* 762 F.Supp. 1314, 1316 (E.D.Tenn.), *aff'd,* 951 F.2d 350 (6th Cir.1991) (court stated that one marijuana plant can reasonably be expected to produce a kilogram of a mixture or substance containing marijuana). Even assuming the equivalency is not scientifically accurate, however, does not render the Guideline's mandate constitutionally suspect for "[t]here is no constitutional requirement that the penalty for an offense involving one marijuana plant be equal to the penalty for an offense involving the quantity of dried marijuana the plant would yield." *Motz,* 936 F.2d at 1025 (citations omitted).

The Guideline provision in question reflects decisions by Congress and the Sentencing Commission as to culpability and participation in the drug marketplace:

> [B]y changing the determining factor from weight to number of "plants regardless of weight" Congress intended to punish growers of marijuana by the scale or potential of their operation and not just by the weight of the plants seized at a given moment. Congress must have found a defendant who is growing 100 newly planted marijuana plants to be just as culpable as one who has successfully grown 100 kilograms of marijuana.

*United States v. Eves,* 932 F.2d 856, 859 (10th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 236, 116 L.Ed.2d 192 (1991) (quoting *United States v. Fitol,* 733 F.Supp. 1312, 1315 (D.Minn.1990). *See also United States v. Webb,* 945 F.2d 967, 969 (7th Cir.1991); *Lewis,* 762 F.Supp. at 1317 ("Congress and the Sentencing Commission might well have concluded that it wanted to focus on those who grow marijuana and thus at the top of the drug distribution chain with the idea of controlling the proliferation of the product at its source.")

The defendant argues that it is not clear that Congress and the Commission intended to punish growers more severely than dealers as no support can be found for this proposition in either the legislative history or the Guideline Commentary. Some insight into the Congressional intent, how-

ever, is found in the legislative history of 21 U.S.C. § 841:

> Believing "that the federal government's most intense focus ought to be on major traffickers" in illegal drugs, Congress, "after consulting with a number of DEA agents and prosecutors about the distribution patterns for these various drugs ... selected quantities of drugs which if possessed by an individual would likely be indicative of operating at such a high level." H.R.Rep. No. 845, 99th Cong. 2d Sess. 11–12 (1986).

*United States v. Webb*, 945 F.2d 967, 968 (7th Cir.1991) (citation omitted). *See also Chapman v. United States*, —— U.S. ——, 111 S.Ct. 1919, 1927, 114 L.Ed.2d 524 (1991) ("The penalty scheme set out in the Anti-Drug Abuse Act of 1986 is intended to punish severely large-volume drug traffickers at any level."). Although this legislative history predates the statutory establishment of the one kilogram—one plant equivalency ratio, it is indicative of Congressional intent as to the statutory purpose and framework.

The court is not persuaded by defendant's argument that the one plant—one kilogram equivalency is arbitrary because it imposes more severe penalties on growers apprehended early in the cultivation cycle than on successful harvesters of marihuana. It is well established that the penalties for drug offenses do not have to reflect different defendants' "individual degrees of culpability." *Chapman*, 111 S.Ct. at 1928. The Sentencing Commission is an agency created by Congress with power to make rules to carry out its purpose. *United States v. Streeter*, 907 F.2d 781, 790 (8th Cir.1990). It has significant discretion to determine the relative severity of federal crimes. *Mistretta v. United States*, 488 U.S. 361, 377, 109 S.Ct. 647, 657, 102 L.Ed.2d 714 (1989). In equating each marihuana plant with one kilogram of marihuana substance when the plants are in groups of fifty or more, the Commission has created a guideline provision that is consistent with Congressional intent as expressed in the statutory scheme. The Guideline in question is neither arbitrary nor capricious. The court, therefore, will not substitute its judgment on policy matters for that of the Commission.

CONCLUSION

For the reasons stated herein, the defendant's motion to declare the marihuana plant guidelines unconstitutional is denied.

ORDERED.