**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Robert HOLMES (91–3735), Daniel Ross (91–3774), Defendants–Appellants.**

Nos. 91–3735, 91–3774.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 14, 1992.

Decided April 13, 1992.

---

William E. Hunt, argued, Office of the U.S. Atty., Cincinnati, Ohio, Bradley D. Barbin, briefed, Office of the U.S. Atty., Columbus, Ohio, for U.S.

Lewis E. Williams, Jr., argued, briefed, Columbus, Ohio, for Holmes.

Jeffrey Allen Berndt, argued, Columbus, Ohio, for Ross.

Before: KEITH and MARTIN, Circuit Judges; and CELEBREZZE, Senior Circuit Judge.

BOYCE F. MARTIN, JR., Circuit Judge.

Robert Holmes and Daniel Ross appeal their convictions and sentences for (1) conspiracy to manufacture and possess with intent to distribute over 8,000 marijuana[1] plants, in violation of 21 U.S.C. § 846; (2) the unlawful manufacture of over 8,000 marijuana plants, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(A)(vii); and (3) possession with intent to distribute over 8,000 marijuana plants, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(A)(vii). Both men allege that Sentencing Guidelines § 2D1.1, United States Sentencing Commission, *Guidelines Manual*, § 2D1.1 (Nov. 1990), and 21 U.S.C. § 841(b)(1)(A)(vii) are unconstitutional. Holmes also alleges that the district court deprived him of his rights under the Confrontation Clause by enhancing his sentence based upon hearsay statements contained in a pre-sentence report. Finally, Holmes challenges a jury instruction. For the following reasons, we affirm.

At the district-court level, Holmes and Ross raised several objections to the pre-sentence report; however, only two of those objections are germane to this appeal. First, they asserted that Sentencing Guidelines § 2D1.1 was unconstitutional because in offenses involving 50 or more marijuana plants it equated one marijuana plant to one kilogram of marijuana even though marijuana plants are not capable of producing one kilogram of marijuana. Second, Holmes asserted that he was deprived of his rights under the Confrontation Clause because his pre-sentence report rec-

ommended a three-level enhancement under Sentencing Guidelines § 3B1.1(b) based upon hearsay statements from a co-conspirator.

In rejecting the defendants' challenge to section 2D1.1, the district court stated:

[T]he weight assigned to the plants is really meaningless, for whether each plant is considered one gram of marijuana or one ton of marihuana it has no bearing on the sentence until the weight is assigned an offense level by the Drug Quantity Table at [section] 2D1.1(c). And furthermore, the offense level is meaningless until it is assigned a guideline range in terms of months of incarceration.... [P]art of the defendant's argument must include a presumption, indeed a desire, that every aspect of the guideline calculation remains constant except the weight assigned to the individual plants. Therefore, to argue that the application of 1 kilogram to 1 marihuana plant is not 'rational' or 'reasonably' related, and yet fail to look to all of the other variables that are included in calculating the proper sentencing is an inappropriate and narrow view.

The court concluded that equating one marijuana plant to one kilogram of marijuana was not irrational and that, hence, the provision was not unconstitutional under the Fifth Amendment. The district court also rejected Holmes' Confrontation Clause argument.

After making several offense-level adjustments, the district court sentenced Holmes to three concurrent fourteen-year terms of imprisonment. The court sentenced Ross to eleven years and three months in prison on each count and ordered him to serve the sentences concurrently. This timely appeal followed.

Sentencing Guidelines § 2D1.1(n. *) provides:

In the case of an offense involving marihuana plants, if the offense involved (A) 50 or more marihuana plants, treat each plant as equivalent to 1 KG of marihua-

---

**1.** Some sources spell marijuana with an "h" instead of a "j".

na; (B) fewer than 50 marihuana plants, treat each plant as equivalent to 100 G of marihuana. *Provided,* however, that if the actual weight of the marihuana is greater, use the actual weight of the marihuana.

Sentencing Guidelines § 2D1.1(n. *) at 2.47 (emphasis in original). Additionally, Congress has enacted legislation mandating a minimum ten-year prison sentence and a maximum life prison sentence for offenses involving "1000 kilograms or more of a mixture or substance containing a detectable amount of marijuana, or 1000 or more marijuana plants, regardless of weight." 21 U.S.C. § 841(b)(1)(A)(vii). This provision is part of a sentencing scheme containing graduated penalties for those convicted of marijuana cultivation. Congress prescribed the penalties based upon the number of marijuana plants or the weight of harvested marijuana, with breakpoints at 50 plants or 50 kilograms, 100 plants or 100 kilograms, and 1000 plants or 1000 kilograms. *See* 21 U.S.C. §§ 841(b)(1)(A), 841(b)(1)(B), 841(b)(1)(D).

■ On appeal, Holmes and Ross renew their argument that Sentencing Guidelines § 2D1.1(n. *) and 21 U.S.C. § 841(b)(1)(A)(vii) deprive them of due process by arbitrarily and irrationally equating one marijuana plant to one kilogram of marijuana in cases involving 50 or more marijuana plants despite the fact that the true yield of each of their plants would have been far less than one kilogram. To support their due process argument, Holmes and Ross rely primarily on *United States v. Osburn,* 756 F.Supp. 571 (N.D.Ga. 1991). In *Osburn,* 756 F.Supp. at 576, the district court held the Sentencing Commission's decision in Sentencing Guidelines § 2D1.1 to treat each marijuana plant as equivalent to one kilogram of marijuana in offenses involving 50 or more plants was a violation of substantive due process because there was no rational basis for the equivalency. The *Osburn* court based its decision on the testimony of an expert who concluded that it was impossible for one

kilogram to be the average yield of a marijuana plant. *Id.* at 574.[2]

We, however, decline to follow the *Osburn* court's holding. The district court in *Osburn* focused solely on empirical evidence regarding the yield of marijuana plants. The purpose, however, behind enacting the one plant or one kilogram rule in section 841(b)(1)(A)(vii) and Sentencing Guidelines § 2D1.1(n. *) was not to declare that mature marijuana plants would yield an average of one kilogram of marijuana. In these two provisions, Congress and the Sentencing Commission adopted a view that a person who grows over 1000 marijuana plants is equally culpable as a person who harvests over 1000 kilograms of marijuana. Although this judgment takes away some of the discretion that sentencing courts formerly possessed, it does not suffer from any due process infirmities.

Other courts have similarly rejected due process challenges to section 841(b) and Sentencing Guidelines § 2D1.1. In *United States v. Motz,* 936 F.2d 1021, 1025 (9th Cir.1991), the defendants challenged the constitutionality of section 2D1.1's "1 plant = 100 gm" equivalency on the basis that there was no empirical evidence that the equivalency was accurate. In rejecting the challenge, the Court stated:

The table does not state that the yield of a [marijuana] plant is 100 grams, but rather that the offense level for a crime involving one marijuana plant is the level that would apply in a case involving 100 grams of dried marijuana. *There is no constitutional requirement that the penalty for an offense involving one marijuana plant be equal to the penalty for an offense involving the quantity of dried marijuana the plant would yield.*

*Id.* (emphasis added). *See also United States v. Lewis,* 762 F.Supp. 1314, 1315 (E.D.Tenn.) (rejected claim that Sentencing Guidelines § 2D1.1's "equivalency" was unconstitutional because it lacked a rational basis), *aff'd,* 951 F.2d 350 (6th Cir.1991).

**2.** While this appeal was pending, the Eleventh Circuit vacated the district court's order in *Osburn* and held that section 841(b) and Sentenc-

ing Guidelines § 2D1.1 are constitutional. *See United States v. Osburn,* 955 F.2d 1500, 1507–1508, (11th Cir.1992).

Holmes and Ross also rely on *United States v. Streeter*, 907 F.2d 781 (8th Cir. 1990), and *United States v. Prine*, 909 F.2d 1109 (8th Cir.1990), *cert. denied,* — U.S. ——, 111 S.Ct. 2263, 114 L.Ed.2d 715 (1991), to support their due process argument. Their reliance on these two cases, however, is misplaced. In *Streeter*, the Eighth Circuit held that Sentencing Guidelines § 2D1.1's Drug Quantity Table as it existed at that time was invalid to the extent that it automatically equated one marijuana plant to 100 grams of marijuana in cases involving less than fifty plants. *Streeter*, 907 F.2d at 790–91. The court's decision was based primarily on its finding that the Drug Quantity Table was inconsistent with Congress' directive in 21 U.S.C. § 841(b)(1)(D) that weight alone was determinative when fewer than fifty marijuana plants were involved. *Id.* at 790. Relying on the *Streeter* decision, the court in *Prine* announced a similar holding. *See Prine*, 909 F.2d at 1113–14. Since neither Holmes nor Ross claim that the Drug Quantity Table is inconsistent with 21 U.S.C. § 841, *Prine* and *Streeter* are of no assistance to them.

■ Holmes and Ross also contend that the statute and the Sentencing Guidelines violate their right to equal protection. Although Holmes and Ross do not set forth the basis of their equal protection claim, we assume they are complaining that in cases involving 50 or more marijuana plants the statute and the Sentencing Guidelines provide for enhanced sentencing as compared to cases involving less than 50 plants. We, however, do not believe the provisions violate equal protection guarantees. We believe the 50–plant cutoff for enhanced punishment is simply a legislative judgment that individuals cultivating 50 or more plants are likely to be major drug dealers and, hence, a bigger threat to society than those who grow fewer marijuana plants. Whether such dealers are deserving of enhanced punishment is a judgment to be made by legislative bodies and not by the courts.

Our rejection of the defendants' equal protection argument is supported by *United States v. Webb*, 945 F.2d 967, 968 (7th Cir.1991), *cert. denied,* — U.S. ——, 112 S.Ct. 1228, 117 L.Ed.2d 463 (1992), and *United States v. Lee*, 957 F.2d 778 (10th Cir.1992). In *Webb*, the defendant contended that Congress' decision to establish 50 marijuana plants as the cutoff for enhanced sentencing was unconstitutionally arbitrary. *Id.* at 968. In rejecting the defendant's argument, the court stated that Congress wanted to focus on major drug traffickers and it selected the 50–plant cutoff because it felt that at the 50–plant level the defendant was likely operating as a trafficker in illegal drugs. *Id.* The court also noted that "judgments concerning what conduct should be made criminal and how heavily it should be punished are for Congress rather than the courts to make." *Id.* at 969 (quoting *United States v. Rose*, 881 F.2d 386, 389 (7th Cir.1989)).

In *Lee*, 957 F.2d at 780, the district court was faced with an equal protection challenge to 21 U.S.C. § 841(b)(1)(B)(vii), which is similar to the statutory provision involved in this case. The district court had held that section 841(b)(1)(B)(vii) violated equal protection because Congress' decision to equate one marijuana plant to one kilogram of marijuana in cases involving 100 or more plants was purely arbitrary. *Id.* In reversing the district court, the Tenth Circuit stated:

> We must hold that the district court erred in finding/concluding that because a single marijuana plant could not produce a kilogram of marijuana substance, the statute punished defendants who grow marijuana plants more severely than those who possess harvested marijuana and is, accordingly, violative of equal protection guarantees. We hold, contrary to the district court, that this distinction does not render 21 U.S.C. [§ ] 841(b)(1)(B)(vii) unconstitutional on equal protection grounds. We agree with Judge Devitt's observation in [*United States v.*] *Fitol* [733 F.Supp. 1312, 1315 (D.Minn.1990)], that Congress intended to punish growers of marijuana by the scale or potential of their operation and not just the weight of the plants seized at a given moment. In our view, the

cultivation of marijuana plants creates a greater potential for abuse than possession of harvested marijuana. Id. at *18.

We agree with both the *Motz* and *Lee* decisions. Accordingly, we reject the defendants' equal protection challenge to Sentencing Guidelines § 2D1.1 and 21 U.S.C. 841(b)(1)(A)(vii).

■■■ Holmes also contends that the district court violated the Sixth Amendment's Confrontation Clause by enhancing his sentence under Sentencing Guidelines § 3B1.1(b) based upon hearsay statements contained in his pre-sentence report. Generally, a sentencing court may consider hearsay information contained in a pre-sentence report. *United States v. Cardinal*, 782 F.2d 34, 37 (6th Cir.), *cert. denied*, 476 U.S. 1161, 106 S.Ct. 2282, 90 L.Ed.2d 724 (1986). The court, however, must give the defendant an opportunity to refute the hearsay information, and the hearsay information must contain sufficient indicia of reliability to support its probable accuracy. *See United States v. Robinson*, 898 F.2d 1111, 1115 (6th Cir.1990). In challenging the hearsay information, the defendant must establish that the challenged evidence is materially false or unreliable, and that such false and unreliable information actually served as the basis for the sentence. *Robinson*, 898 F.2d at 1116.

In this case, the hearsay statements in the pre-sentence report set forth the role that Holmes played in the conspiracy. These statements were corroborated by other witness testimony at trial. The statements, therefore, contain sufficient indicia of reliability to support their probable accuracy. Accordingly, we find the district court did not err by relying upon hearsay statements contained in the pre-sentence report.

Finally, Holmes argues that the district court denied him due process by instructing the jury that to convict him they did not have to find him guilty beyond a reasonable doubt. In the original trial transcript, the jury instruction read as follows:

> The law does *not* require that before convicting a defendant, the jury must be satisfied from all the evidence in the case that the government has proved the defendant guilty beyond a reasonable doubt.

(emphasis added). This is, of course, an incorrect statement of law. The court reporter, however, has informed the court that because of a computer error she mistakenly included the word "not" in transcribed instruction. The corrected version of the transcript and the audio recording of the court's instruction indicate that the court did, in fact, instruct the jury that to convict Holmes they had to be satisfied the government had proved him guilty beyond a reasonable doubt. This is a correct statement of the law and, therefore, we reject Holmes' challenge to the instruction.

For the foregoing reasons, we affirm the judgment of the district court.