972 F.2d 349
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Stanley J. FULLER, Defendant-Appellant.
 No. 91-2151.
 United States Court of Appeals, Sixth Circuit.
 Aug. 14, 1992.
 
 Before RALPH B. GUY Jr. and RYAN, Circuit Judges; and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 The defendant appeals from the district court's refusal to suppress evidence of marijuana manufacturing found in a search of his property and from the sentence imposed after he entered a conditional guilty plea. We affirm.
 
 I.
 
 2
 The defendant, Stanley Fuller, was arrested in January 1991 after police officers executed a search warrant on his property in a remote portion of Ogemaw County, Michigan. While searching a pole barn on the property, the officers seized 164 marijuana plants, sophisticated marijuana growing equipment, records, and several firearms.
 
 
 3
 After his arrest, Fuller agreed to speak with the officers and admitted to growing marijuana. He also told the police that he had stored some marijuana in the Belleville, Michigan, home of his girlfriend, Shari Martin. The police obtained a warrant to search Martin's home and discovered extensive evidence of a marijuana manufacturing and distributing operation, including approximately five pounds of marijuana.
 
 
 4
 A federal grand jury indicted Fuller and Martin in March 1991 on charges of manufacturing and distributing marijuana. After a suppression hearing, the district court denied Fuller's motion to exclude the fruits of the searches. Fuller then pleaded guilty to one count of manufacturing marijuana, reserving his right to appeal the denial of his suppression motion.
 
 
 5
 The district court determined that the Sentencing Guidelines yielded a sentencing range of 70 to 87 months. The court denied Fuller's request for a downward departure and sentenced him to 78 months imprisonment. This appeal followed.
 
 II.
 
 6
 Fuller contends that the affidavit in support of the search warrant for the Ogemaw County property was insufficient to establish probable cause for the search. The Fourth Amendment requires that the magistrate have a substantial basis to conclude that a search will uncover incriminating evidence. United States v. Blakeney, 942 F.2d 1001, 1025 (6th Cir.1991), cert. denied, --- U.S. ----, 112 S.Ct. 881 (1992). We review the magistrate's determination of probable cause with "great deference." Illinois v. Gates, 462 U.S. 213, 236 (1983); Blakeney, 942 F.2d at 1025.
 
 
 7
 The affidavit for the search warrant contained information from several sources. First, a reliable confidential informant told police that Fuller regularly sold marijuana out of his company van in the Belleville area. The informant also told police that Fuller recently had stated that he needed help selling a large quantity of marijuana.
 
 
 8
 Second, a neighbor to the Ogemaw County property, Stanley Carpenter, stated that the new owner of the property, who matched Fuller's description, had introduced himself as "Stan" and had given a Polish-sounding surname. Carpenter observed that "Stan" and other persons entered and left the property at all hours of the day, that they appeared to be nervous and secretive, and that a steel gate was kept locked at all times. Carpenter had heard a generator running continuously for months at the pole barn. Carpenter had seen persons carrying water jugs and 50-gallon drums into the pole barn, had smelled kerosene fumes coming from the property, and, on one occasion, had heard a fire crackling accompanied by a sweet smell.
 
 
 9
 Third, a police investigation revealed that the Ogemaw County property was not served by any electric utility and that the transfer of the property to "Stan" had not been recorded. Police also observed a truck registered to Fuller leaving the Ogemaw County property.
 
 
 10
 The officer who prepared the affidavit stated that the use of a generator, the water jugs, the kerosene smell, and the sweet-smelling fire were all consistent with the presence of an indoor marijuana growing operation. The officer also opined that the secretiveness and nervousness of "Stan" and the others and the fact that the new owner's property interest was unrecorded provided additional support for the conclusion that the property was used to grow marijuana.
 
 
 11
 We find that the affidavit amply provided a substantial basis for the magistrate to believe that a search of the Ogemaw County property, and especially the pole barn, would uncover incriminating evidence. Accordingly, we affirm the district court's denial of Fuller's suppression motion.[1]
 
 III.
 
 12
 Fuller also challenges his sentence. First, he attacks the guideline provision treating each marijuana plant as equivalent to one kilogram of marijuana. U.S.S.G. § 2D1.1. Fuller characterizes his argument as a challenge to the district court's refusal to depart downward. However, we have held repeatedly that a defendant may not appeal from a district court's refusal to depart downward. United States v. Davis, 919 F.2d 1181, 1187 (6th Cir.1990); United States v. Draper, 888 F.2d 1100, 1105 (6th Cir.1989).
 
 
 13
 Fuller apparently intends to argue that the marijuana plant equivalency rule violates his rights to due process and equal protection. We recently rejected that argument in United States v. Holmes, 961 F.2d 599, 601-03 (6th Cir.1992), petition for cert. filed, No. 92-5131 (July 13, 1992).
 
 
 14
 Second, Fuller contends that the police violated his due process rights by referring his case to a federal prosecutor. Fuller maintains that the police made that decision because federal law provides for harsher penalties than Michigan law. Once again, Fuller characterizes his argument as a reason why the district court should have departed downward. Construing his argument to be a due process challenge to the police decision to refer him to a federal prosecutor, we rejected that precise challenge in United States v. Allen, 954 F.2d 1160, 1166 (6th Cir.1992).
 
 
 15
 Accordingly, we AFFIRM Fuller's conviction and sentence.
 
 
 
 [1]
 Our finding that the affidavit supported the issuance of the warrant makes unnecessary any discussion of whether the officers executed an invalid warrant in good faith. See United States v. Leon, 468 U.S. 897 (1984)