27 F.3d 568
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gilbert S. GAINOUS, Defendant-Appellant.
 No. 93-6266.
 United States Court of Appeals, Sixth Circuit.
 May 12, 1994.
 
 Before: RYAN and NORRIS, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 This is a direct appeal from a criminal conviction. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1993, Gilbert S. Gainous pleaded guilty pursuant to a plea agreement to one count of manufacturing marijuana and one count of possession of marijuana with the intent to distribute, both counts in violation of 21 U.S.C. Sec. 841(a)(1). The district court sentenced Gainous to a seventy (70) month term of incarceration and this appeal followed.
 
 
 3
 Counsel for Gainous raises one sentencing issue on appellate review. Examination of the record and law reveal the meritless nature of this claim.
 
 
 4
 The facts are undisputed. Gainous, a Tennessee tobacco farmer, was found growing approximately 778 marijuana plants. He was thereafter indicted and entered into a plea agreement. At sentencing, the district court determined the base offense level according to the "one marijuana plant/one kilogram" equivalency formula set forth in U.S.S.G. Sec. 2D1.1.
 
 
 5
 On appeal, the sole issue advanced by counsel for Gainous is addressed to the constitutionality of the sentencing calculation, namely, whether or not the equivalency table equating one (1) plant of marijuana with one (1) kilogram of marijuana violates due process. In support of this assertion, counsel directs this court to an Eighth Circuit case, United States v. Marshall, 998 F.2d 634 (8th Cir.1993), in which, counsel states, the court intimated that a "somewhat similar" application of the guidelines was arbitrary and capricious.
 
 
 6
 Reference to Eighth Circuit law is unnecessary. The constitutionality of the guideline in question has been specifically upheld against due process and equal protection challenges in United States v. Holmes, 961 F.2d 599, 601-03 (6th Cir.), cert. denied, 113 S.Ct. 232 (1992). Counsel for Gainous does not suggest any grounds for revisiting this decision; indeed, counsel does not acknowledge this decision in his brief. The appeal lacks merit.
 
 
 7
 Accordingly, the district court's judgment is affirmed.