951 F.2d 350
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James C. LEWIS, Defendant-Appellant.
 No. 91-5729.
 United States Court of Appeals, Sixth Circuit.
 Dec. 30, 1991.
 
 Before KENNEDY and BOGGS, Circuit Judges, and LIVELY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 On March 29, 1989, James C. Lewis purchased some indoor growing equipment, which is commonly used by individuals for growing marijuana. Such use causes a marked increase in power usage; beginning in May 1989, Mr. Lewis increased his power usage from approximately 2,700 kilowatt hours of electricity per month to approximately 4,500 kilowatt hours per month. On October 5, 1990, Tennessee Bureau of Investigation and Drug Enforcement Administration agents obtained a federal search warrant for Mr. Lewis's residence. Besides Mr. Lewis's increased power usage, the agents had received information from confidential informants. While searching the Lewis residence, the agents discovered eighty-six marijuana plants in a barn-like structure on the property. From the size of the plants, the agents deduced that they had been growing since July 1990. The agents also found twenty marijuana plant root balls. Mr. Lewis admitted that these root balls were remnants of marijuana plants that he had cut within the six weeks prior to his arrest. The agents also found quite a bit of marijuana paraphernalia, as well as five or more firearms. Both Mr. Lewis and his wife cooperated with the agents during the search.
 
 
 2
 On October 10, 1990, a federal grand jury for the Eastern District of Tennessee returned a two-count indictment against the Mr. Lewis and his wife. In the first count, Mr. Lewis was charged with manufacturing marijuana "from on or about July 1990 up to and including October 5, 1990," a violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). In the second count, Mr. Lewis and his wife were charged with possession of marijuana with intent to distribute on October 5, 1990.
 
 
 3
 Pursuant to a plea bargain, Mr. Lewis pled guilty to the first count on January 11, 1991. The government, in turn, dismissed the second count, although Mr. Lewis's wife pled guilty to the lesser included offense of simple possession, a violation of 21 U.S.C. § 844. She is not a party to this appeal. On March 20, 1991, a pre-sentence report was completed. According to U.S.S.G. § 2D1.1(c), if the offense involves more than fifty marijuana plants, each plant counts as one kilogram of marijuana. The sentencing officer counted the live plants as well as the root balls, and concluded that Mr. Lewis should be sentenced for 106 kilograms of marijuana, establishing a base offense level of twenty-six. Two additional levels were added pursuant to U.S.S.G. § 2D1.1(b)(1), because of the firearms possessed during the commission of the offense. Finally, Mr. Lewis received a two-level reduction for acceptance of responsibility, leaving him with a total offense level of twenty-six. Because he had no previous convictions, his criminal history category was I, giving him a guideline range of 63-78 months. Moreover, 21 U.S.C. § 841(b)(1)(B)(vii) requires a mandatory minimum sentence of five years for those who produce more than 100 kilograms of marijuana.
 
 
 4
 Mr. Lewis objected to his proposed sentence, arguing that the provisions of the Guidelines and the statute governing his sentence were unconstitutional. He also protested the court's counting the twenty root balls as if they were plants. A hearing was held on these question on April 29, 1991. At the close of the hearing, the district court rejected Mr. Lewis's arguments and sentenced him to sixty-three months' imprisonment and a fine of $12,550, the lowest sentence under the guideline range. This timely appeal followed.
 
 
 5
 On appeal, Mr. Lewis makes essentially the same arguments that he raised below. First, he asserts that the district court erred in counting the twenty root balls found on Mr. Lewis's property as full plants. However, whether dead root balls are equivalent automatically to full plants, Mr. Lewis's argument fails in this case. He was not charged with possession of 106 plants on a specific day. Instead, he was charged with manufacturing marijuana between July and October. Clearly (and he concedes this), the root balls were evidence that he had manufactured those twenty plants during the relevant period, as well as the full plants. Thus, we reject his contention on this issue.
 
 
 6
 Next, Mr. Lewis argues that the Guidelines provision that equates one marijuana plant with one kilogram of marijuana is unconstitutional. He relies primarily on United States v. Osburn, 756 F.Supp. 571 (N.D.Ga.1991), which concluded that there was no rational basis for such a rule. He also cites United States v. Lee, 762 F.Supp. 306 (D.Kan.1991), which held that 21 U.S.C. § 841(b), the statute underlying this aspect of the sentencing guidelines, disregards equal protection by establishing arbitrary categories. Both of these case rely on evidence that a marijuana plant does not produce one kilogram of marijuana.
 
 
 7
 We reject this argument, however, because it misrepresents Congress's intentions. Congress did not equate one marijuana plant with one kilogram of marijuana because of any equivalence of weight, but because of an equivalence of culpability. It determined that those who grew large numbers of plants should be punished at the same rate as those who sold processed drugs. We believe this was well within Congress's power, and we also note that several courts have reached the same conclusion. See United States v. Webb, 945 F.2d 967 (7th Cir.1991); United States v. Motz, 936 F.2d 1021 (9th Cir.1991); United States v. Ross, No. CR-2-90-207, 1991 WL 228183 (S.D.Ohio Oct. 31, 1991).
 
 
 8
 This opinion simply represents a brief explanation of our holding and our reasons. In light of the excellent opinion of the district court below, United States v. Lewis, 762 F.Supp. 1314 (E.D.Tenn.1991), we consider a more lengthy statement unnecessary. We adopt the reasoning of that opinion, and AFFIRM the judgment of the district court.