UNITED STATES of America

v.

Ferris L. DAVIS.

Crim. A. No. 91–69–01.

United States District Court, D. Vermont.

Aug. 13, 1992.

Gary G. Shattuck, Asst. U.S. Atty., Rutland Vt., for U.S.

Donald A. Graham, Welch, Graham and Manby, White River Jct., Vt., for defendant.

## ORDER

BILLINGS, District Judge.

On July 27, 1992, defendant filed a motion to declare the penalty scheme of 21 U.S.C. § 841(b)(1)(A)(vii) and the related sentencing guideline, U.S.S.G. § 2D1.1(c), unconstitutional. A hearing on the matter was held on August 3, 1992. For reasons stated below, defendant's motion is DENIED.

## BACKGROUND

On December 6, 1992, a jury convicted defendant of manufacturing marijuana, possessing marijuana with intent to distribute (live, growing plants) and possessing marijuana with intent to distribute (dried, packaged marijuana), in violation of 21 U.S.C. § 841(a)(1). Prior to sentencing on August 3, 1992, defendant filed a brief challenging both 21 U.S.C. § 841(b)(1)(A)(vii), which prescribes penalties for marijuana offenses involving more than 1000 marijuana plants, and the related sentencing guideline provision, U.S.S.G. § 2D1.1(c), which equates one marijuana plant with one kilogram of marijuana if the total number of marijuana plants involved exceeds 50 plants. Defendant claims that the one kilogram per plant equivalency violates his due process and equal protection rights afforded by the United States Constitution.

## DISCUSSION

■ The penalties corresponding to the crimes for which defendant was convicted by a jury on December 6, 1992 are codified at 21 U.S.C. § 841(b)(1)(A)(vii). The sentencing guideline which corresponds to this section is U.S.S.G. § 2D1.1, which provides:

In the case of an offense involving marijuana plants, if the offense involved (A) 50 or more marijuana plants, treat each plant as equivalent to 1 KG of marijuana; (B) fewer than 50 marijuana plants, treat

each plant as equivalent to 100 G of marijuana. *Provided,* however, that if the actual weight of the marijuana is greater, use the actual weight of the marijuana.

The crux of defendant's argument is that the one kilogram per plant equivalency is a botanical fiction because an average marijuana plant yields only 100 grams, not 1000 grams. Defendant contends that the formula is arbitrary and irrational, and thus a violation of equal protection and due process, because one who possesses more than 50 marijuana plants is sentenced according to the one kilogram per plant formula, regardless of the actual weight of the marijuana that is yielded from those plants, whereas one who possesses harvested marijuana is sentenced according to the actual weight of that marijuana. In other words, this equivalency formula punishes more severely one who possesses live marijuana *plants,* assuming more than fifty plants are involved, than one who possesses *harvested,* dry marijuana.

■ At the outset, we note that in undertaking our due process analysis, acts of Congress do not violate substantive due process if they bear a reasonable relationship to a proper legislative purpose and are neither arbitrary nor discriminatory. *United States v. Buckner,* 894 F.2d 975, 978 (8th Cir.1990); *see also United States v. Lee,* 957 F.2d 778, 782 (10th Cir.1992) ("rational basis" applies to equal protection inquiries when no suspect class or fundamental right is involved).

Nearly one year ago, we considered and rejected the very same issue that we are presented with today. *United States v. Bianchini,* No. 90–18–01, 1991 WL 378358 (D.Vt. July 29, 1991). In *Bianchini,* we noted that Congress, through U.S.S.G. § 2D1.1(c), acted within the scope of its authority in determining that when 50 or more marijuana plants are involved, the actual weight of the plants is immaterial. We concluded that "there is simply no constitutional requirement that the penalty for an offense involving one marijuana plant be equal to the penalty for an offense

involving the quantity of dry marijuana that the plant would yield." *Bianchini*, at ——.

The Second Circuit Court of Appeals affirmed our decision.[1] *United States v. Bianchini*, 967 F.2d 45 (2d Cir.1992). In this unpublished decision, the Second Circuit acknowledged that other courts which have studied this issue have concluded that the intent of the sentencing guidelines is to measure marijuana plants by the number of plants, and harvested marijuana by weight. The Appeals Court further stated:

> We believe this approach best comports with congressional intent in passing its mandatory sentencing provision, 21 U.S.C. § 841(b)(1)(B)(vii), and with the rationale for the corresponding sentencing guideline, U.S.S.G. § 2D1.1.

Courts of Appeals for the Ninth, Tenth and Eleventh Circuits have addressed this issue more thoroughly, and all have ruled in accordance with our decision in *Bianchini*.[2] For example, the Eleventh Circuit, in *United States v. Osburn*, 955 F.2d 1500 (11th Cir.1992), held that the one kilogram per plant formula codified in U.S.S.G. § 2D1.1 did not violate due process considerations. *Id.* at 1510. In reaching this conclusion, the *Osburn* court applied a "reasonable basis" test to the statute, and noted at the outset that the burden on Congress to establish reasonableness is not a particularly onerous one. *Id.* at 1505.

The *Osburn* court rejected all three arguments made by defendant. First, it rejected the argument that there is no rational basis for a sentencing scheme that punishes those convicted of offenses involving 50 or more plants more severely than those convicted of offenses involving fewer than 50 plants. *Id.* at 1507; *see* U.S.S.G. § 2D1.1. To the contrary, it is indeed reasonable for Congress to punish large scale growers more harshly than small time growers. *Id.* Second, as to defendant's

claim that there is no rational basis for imposing harsher penalties on those convicted of offenses involving marijuana plants as opposed to those convicted of offenses involving harvested marijuana, the court held that Congress, in pursuing what is known as the "market oriented approach," could reasonably concentrate on the early stages of the drug distribution system, rather than the later stages of actual drug use. *Id.* at 1509.

Finally, the Eleventh Circuit rejected defendant's argument that there is no rational basis for distinguishing between growers who are arrested before the plants are harvested, who would be subject to the equivalency scheme, and those who are arrested after harvest, who would be sentenced according to the weight of the seized marijuana. *Id.* Although noting that defendant correctly identified "an anomaly in the statutory scheme," the *Osburn* court stated that an inconsistency does not automatically invalidate a congressional statute. *Id.* Also, the court stated that because defendant failed to cite instances where identically situated individuals received markedly different treatment, it was reluctant to speculate about extraordinary circumstances involving make-believe facts. *Id.* In sum, then, the Eleventh Circuit Court of Appeals reversed the district court, and held that the one kilogram per plant equivalency set forth in U.S.S.G. § 2D1.1 did not violate substantive due process.

Similarly, the same result occurred in the context of an equal protection challenge to the one kilogram per plant equivalency standard. In *United States v. Lee*, 957 F.2d 778 (10th Cir.1992), the Tenth Circuit reversed the district court's decision that the one kilogram per plant equivalency violated equal protection, and remanded the case. In examining defendant's equal protection challenge under the rational basis

---

**1.** The Second Circuit remanded the case back to us, however, for resentencing on an unrelated issue.

**2.** In doing so, the Tenth and Eleventh Circuit Courts of Appeals reversed their respective district courts, which ruled that the one kilogram

per plant equivalency amounted to a violation of due process and equal protection. *See United States v. Lee*, 762 F.Supp. 306 (D.Kan.1991); *United States v. Osburn*, 756 F.Supp. 571 (N.D.Ga.1991).

standard, the Tenth Circuit found a rational basis to support the statutory distinctions:

> We agree ... that Congress intended to punish growers of marijuana by the scale or potential of their operation and not just the weight of the plants seized at a given moment. In our view, the cultivation of marijuana plants creates a greater potential for abuse than possession of harvested marijuana ... There would be no dried marijuana unless there were marijuana plants. The Congress had a rational basis for establishing the respective offense levels.

*Id.* at 784. *See also United States v. Webb*, 945 F.2d 967, 968 (7th Cir.1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 1228, 117 L.Ed.2d 463 (1992) (one kilogram per plant rule not unconstitutional because no requirement that it be based on actual yield of each plant); *United States v. Lewis*, 762 F.Supp. 1314, 1317 (E.D.Tenn.1991) (one kilogram per plant equivalency constitutional as Congress can focus its attention on growers at top of distribution chain). *But see United States v. Murphy*, 786 F.Supp. 1105, 1107, 1108 (D.Conn.1992) (1 KG equivalency violates due process and equal protection because Congress' "market oriented approach" does not provide rational basis for rule and possession of marijuana, which creates the greater danger, is punished less harshly than cultivation of marijuana).[3]

We agree with the reasoning set forth in the majority of these cases. Although the one kilogram per plant equivalency may be awkward, we find that, keeping in mind the rational basis test, it is reasonably related to Congress' intent to punish large scale growers more severely than small operators, to punish growers more harshly than users and to focus at the top of the drug distribution chain. Quite simply, "[t]he point is it cannot be said here that there are no facts which compel the conclusion that there is no rational legislative purpose behind U.S.S.G. § 2D1.1." *Lewis*, 762 F.Supp. at 1317. In sum, we do not believe that defendant has shown that the one kilogram per plant equivalency formula ris-

es to the level of a due process or equal protection violation protected by the United States Constitution.

### CONCLUSION

For the reasons stated herein, defendant's motion to declare the penalty scheme of 21 U.S.C. § 841(b)(1)(A)(vii) and the related sentencing guideline, U.S.S.G. § 2D1.1(c), unconstitutional is hereby DENIED.

SO ORDERED.

---

**3.** This case is currently on appeal to the Second Circuit.