986 F.2d 1431
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
James William ROGERS, Defendant-Appellant.
 No. 92-3106.
 United States Court of Appeals, Tenth Circuit.
 Jan. 21, 1993.
 
 Before TACHA, BALDOCK and KELLY, Circuit Judges.
 ORDER AND JUDGMENT
 BALDOCK, Circuit Judge.
 
 
 1
 Defendant appeals the denial of his motion to declare the sentencing provisions of 21 U.S.C. § 841(b)(1)(B)(vii) and U.S.S.G. § 2D1.1 unconstitutional as violative of equal protection principles embodied in the Due Process Clause of the Fifth Amendment. We have jurisdiction pursuant to 28 U.S.C. § 1291.
 
 
 2
 Defendant pleaded guilty to possession with intent to distribute approximately five hundred seventeen (517) marijuana plants and approximately two hundred eighty-four (284) grams of a substance containing a detectable amount of marijuana, in violation of 21 U.S.C. § 841(a)(1). Defendant filed a Motion to Declare the Penalty Phase of Statute and Related Sentencing Guidelines Unconstitutional, and the district court heard arguments on Defendant's motion at the March 3, 1992 sentencing hearing. The district court denied the motion, concluding that this court's recent decision in United States v. Lee, 957 F.2d 778 (10th Cir.), cert. denied, 113 S.Ct. 475 (1992), was controlling.
 
 
 3
 On appeal, Defendant presents the following arguments: (1) 21 U.S.C. § 841(b)(1)(B)(vii) and U.S.S.G. § 2D1.1, which provide identical penalties for those who possess 100 marijuana plants or 100 kilograms of a mixture or substance containing marijuana lack a rational basis and therefore violate the Fifth Amendment, (2) 21 U.S.C. § 841(b)(1)(B)(vii) and U.S.S.G. § 2D1.1 violate the Fifth Amendment because they irrationally penalize a marijuana grower more harshly than a marijuana processor, and (3) U.S.S.G. § 2D1.1, which provides for enhanced sentencing in cases involving more than fifty marijuana plants lacks a rational basis and therefore violates the Fifth Amendment.
 
 
 4
 Defendant's first argument is foreclosed by our decision in United States v. Lee, 957 F.2d 778. In Lee, we held that the mandatory sentencing scheme which treats 100 plants of marijuana the same as 100 kilograms of a mixture or substance containing marijuana has a rational basis and therefore does not violate equal protection principles. Id.
 
 
 5
 Defendant also argues that marijuana growers and marijuana processors are irrationally treated differently under 21 U.S.C. § 841(a) and U.S.S.G. § 2D1.1. We disagree. It is true that a marijuana grower, arrested prior to harvesting, is sentenced on a one kilogram-per-plant basis. On the other hand, a marijuana grower, arrested immediately after harvesting, is sentenced according to the actual weight of the marijuana, which, in this case, would not approach the one kilogram-per-plant level. However, it does not necessarily follow that the statutory scheme is irrational. See United States v. Osburn, 955 F.2d 1500, 1509 (11th Cir.), cert. denied, 113 S.Ct. 223, 113 S.Ct. 290 (1992). Even though a statutory scheme may provide a potential loophole or inconsistency, we need not deem the statute irrational. Id. A statute is not "irrational simply because it is an imperfect solution to the problems Congress intended to eradicate." Id. (citing Azizi v. Thornburgh, 908 F.2d 1130, 1135 (2d Cir.1990).
 
 
 6
 Defendant's final argument is that U.S.S.G. § 2D1.1 lacks a rational basis and therefore violates the Due Process Clause of the Fifth Amendment. Section 2D1.1 of the Sentencing Guidelines provides:
 
 
 7
 In the case of an offense involving marihuana plants, if the offense involved (A) 50 or more marihuana plants, treat each plant as equivalent to 1 KG of marihuana; (B) fewer than 50 marihuana plants, treat each plant as equivalent to 100 G of marihuana. Provided, however, that if the actual weight of the marihuana is greater, use the actual weight of the marihuana.
 
 
 8
 Defendant contends that the increased weight assigned per plant in cases involving fifty or more marijuana plants is irrational. We disagree. Section 2D1.1 merely provides for enhanced sentencing in cases involving fifty or more marijuana plants. Enhanced sentencing for those possessing fifty or more marijuana plants reflects a legislative judgment that individuals possessing fifty or more plants are more likely to be major drug traffickers, and thus, a larger threat to society than those with fewer plants. This is clearly a rational legislative judgment which we will not second-guess. See United States v. Holmes, 961 F.2d 599, 602 (6th Cir.), cert. denied, 113 S.Ct. 232 (1992); United States v. Webb, 945 F.2d 967, 968 (7th Cir.1991), cert. denied, 112 S.Ct. 1228 (1992); United States v. Motz, 936 F.2d 1021, 1025 (9th Cir.1991).
 
 
 9
 AFFIRMED.
 
 
 10
 ---------------
 
 
 
 * After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case therefore is ordered submitted without oral argument.
 ** This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3.