19 F.3d 20
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James M. HOPE, Defendant-Appellant.
 No. 93-5744.
 United States Court of Appeals, Sixth Circuit.
 March 11, 1994.
 
 Before: MERRITT, Chief Judge; GUY and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 This is a direct appeal from a criminal conviction in which the counsel for defendant-appellant has moved to withdraw his representation. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1993, James Hope pleaded guilty to one count of manufacturing marijuana, in violation of 21 U.S.C. Sec. 841(a)(1), and received an 87 month term of imprisonment. This appeal followed. Counsel for Hope filed a motion to withdraw and a "no merit" brief pursuant to Rule 12, Rules of the Sixth Circuit and Anders v. California, 386 U.S. 738 (1967). Hope was served with this motion, and while he was invited to respond, he failed to do so.
 
 
 3
 Hope pleaded guilty to one count of an offense under 21 U.S.C. Sec. 841(a)(1) that was committed in the Eastern District of Kentucky, namely, Garrard County. The language of the indictment tracks that of the statute and Garrard County lies within the Eastern District of Kentucky. 28 U.S.C. Sec. 97(a). Jurisdiction thus is not an issue in this case and Hope's guilty plea acted as a waiver of any non-jurisdictional defects in the pre-plea proceedings. Tollett v. Henderson, 411 U.S. 258, 267 (1973).
 
 
 4
 The transcript of the plea colloquy reflects the district court's strict adherence to the dictates of Fed.R.Crim.P. 11(c), the court's acknowledgement of the provisions of Hope's plea agreement, and a recitation of the factual basis for the plea. The court accurately related the maximum penalties to which Hope would be exposed by his plea and determined that he was not under the influence of any drugs. There is no defect in the plea proceedings.
 
 
 5
 Hope apparently suggested to counsel that the calculation of his guideline sentence might be in error. It is initially noted that the district court, presumptively in response to this court's decision in United States v. Edge, 989 F.2d 871, 876-79 (6th Cir.1993) (per curiam), did not count several hundred marijuana "cuttings" in determining the total weight of the marijuana chargeable to Hope. This was as a direct result of counsel's sentencing memorandum and appears consistent with Edge. The court's computations of the applicable offense level and criminal history category were not the subject of a contemporaneous objection and are correct in any case. Hope was sentenced at the bottom end of the guideline range.
 
 
 6
 On appeal, Hope has asked his appellate counsel to inquire into a possible substantive due process violation in his sentencing. The alleged error is in the guideline-mandated calculation of one kilogram of marijuana for each plant seized in offenses involving 50 or more plants. Hope's counsel concluded, however, that there is no merit to this contention, citing United States v. Holmes, 961 F.2d 599 (6th Cir.), cert. denied, 113 S.Ct. 232 (1992). In Holmes, a panel of this court did indeed uphold the statutory (21 U.S.C. Sec. 841) and guideline (U.S.S.G. Sec. 2D1.1) marijuana plant/weight equivalencies from due process and equal protection challenges. Id. at 601-03. This proposed assignment of error lacks merit.
 
 
 7
 The court has carefully reviewed the record in this case, including the transcripts of Hope's plea and transcript, and concludes that no reversible error is apparent from the record.
 
 
 8
 Accordingly, the motion to withdraw is granted and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.