30 F.3d 134
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America Plaintiff-Appellee
v.
George E. GLICK, Jr. Defendant-Appellant
 No. 93-3175.
 United States Court of Appeals, Sixth Circuit.
 June 29, 1994.
 
 Before: KEITH and BATCHELDER, Circuit Judges, and JOINER, Senior District Judge.
 PER CURIAM.
 
 
 1
 Appellant pleaded guilty to distribution of cocaine base, a violation of 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2. Due to Appellant's substantial assistance in the pursuit of two drug dealers, the government submitted a motion for downward departure. The district court granted the motion to depart and sentenced Appellant to forty-six months in prison. Appellant claims the district judge based the sentence on material misinformation. We affirm.
 
 
 2
 * In the Spring of 1992, Leslie Dumersier and Dayrell Billingsley conspired to distribute cocaine base. Their indictment for the conspiracy was based on transactions occurring at a residence in Columbus, Ohio.
 
 
 3
 Appellant, an acquaintance of Dumersier and Billingsley, was a crack addict. On March 4, 1992, Appellant led an undercover Bureau of Alcohol, Tobacco, and Firearms agent to the Columbus residence, where Appellant acquired and delivered 4.1 grams of cocaine base to the agent. In doing so, Appellant hoped to pinch off a piece of the crack to feed his own habit before making the delivery. Appellant was not otherwise involved in drug distribution.
 
 
 4
 After learning Appellant's identity, government agents approached him about assisting in the pursuit of Dumersier and Billingsley. From April through July 1992, Appellant cooperated with the government. On at least one occasion, Appellant arranged a drug transaction between the dealers and the government agents. Appellant's cooperation led to the indictment of Dumersier and Billingsley and to Dumersier's arrest and subsequent guilty plea.
 
 
 5
 Appellant pleaded guilty to one count of distributing cocaine base in violation of 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2. In exchange for Appellant's substantial assistance, the government moved for a reduction in Appellant's sentence pursuant to Sec. 5K1.1 of the United States Sentencing Guidelines.
 
 
 6
 At the sentencing hearing, the trial court acknowledged several complimentary letters written on Appellant's behalf, as well as Appellant's commendable efforts to rehabilitate himself, but then returned to Appellant's frequent brushes with the law. Over a six-year period, the trial judge noted, Appellant had been involved in assault, theft, driving without a license, reckless driving, resisting arrest, domestic violence, drug abuse, public indencency, driving under suspension, and violating a protective order.
 
 
 7
 The court sentenced Appellant to forty-six months in prison. In arriving at that sentence, the court departed downward from a base offense level of twenty-three to a level of twenty-one due to substantial assistance. A forty-six-month sentence was the minimum permitted by the guidelines after the departure. The court commented on the downward departure:
 
 
 8
 The basis for this is substantial assistance, but the court notes as justification for this sentence that the facts of the case reveal that you distributed cocaine to an undercover ATF agent.... When the agent undercovered his identity and asked Glick to cooperate with the government, Glick began to help the agent, but his help did not lead to any arrests.
 
 
 9
 Appellant's overall reluctance to participate in drug distribution also contributed to the reduction in sentence.
 
 
 10
 Before the close of the hearing, defense counsel objected to the district court's statement that Appellant's cooperation had yielded no arrests. The district court indicated that, while the record should be accurate, confirmation of arrests resulting from Appellant's cooperation would have no effect on its determination of sentence.
 
 
 11
 Also during Appellant's sentencing hearing, the defense objected to portions of the presentence report which did not involve the issue of arrests flowing from Appellant's cooperation. In fact, defense counsel was unable to identify the source of the allegedly false information concerning the results of Appellant's cooperation. Six days after the sentencing hearing, the government notified the court of an error in the presentence report; the report had erroneously stated that Appellant's cooperation led to no arrests.
 
 
 12
 * Appellant directs this Court's attention to Rule 32(c)(3)(D) of the Federal Rules of Criminal Procedure, which, in pertinent part, reads as follows:
 
 
 13
 If the comments of the defendant and the defendant's counsel or testimony or other information introduced by them allege [sic] any factual inaccuracy in the presentence investigation report or the summary of the report or part thereof, the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing.
 
 
 14
 Fed.R.Crim.P. 32(c)(3)(D). Appellant alleges four violations of this rule: (1) Appellant was sentenced on inaccurate information; (2) the trial court never made the findings required by the rule; (3) the factual disputes raised were not resolved prior to sentencing; and (4) the trial court failed to make an independent determination of the facts relevant to Appellant's sentence.
 
 
 15
 The government responds by contesting this Court's jurisdiction to hear the appeal. The government argues that the district court did not rely on the false information, citing the court's own disclaimer of reliance. According to the government, this appeal then boils down to a challenge to the degree of a downward departure, a type of challenge for which this Court does not accept jurisdiction.
 
 
 16
 Contrary to Appellant's understanding, this case does not involve Rule 32(c)(3)(D). That rule applies when information adduced at the hearing points up a factual inaccuracy in the presentence report. Although a defendant need not alert the trial court to the requirements of Rule 32(c)(3)(D), the defendant must clearly bring factual inaccuracies in the presentence report to the court's attention. See United States v. Fry, 831 F.2d 664, 667-669 (6th Cir.1987). Here, Appellant's objections to the presentence report did not relate to the results of Appellant's cooperation with the government. In fact, nowhere in the sentencing transcript or in Appellant's brief can there be found any clue as to the origin of the alleged misinformation. The government, not Appellant, ultimately identified the presentence report as the source of the misinformation. At the sentencing hearing, therefore, the trial court was under no obligation to resolve factual disputes in the presentence report pursuant to Rule 32(c)(3)(D), because no such disputes were specifically raised.
 
 
 17
 There remains, however, the question of whether these circumstances give rise to a due process violation:
 
 
 18
 Convicted defendants, including those who plead guilty, have a due process right to a fair sentencing procedure which includes the right to be sentenced on the basis of accurate information.
 
 
 19
 United States v. Stevens, 851 F.2d 140, 143 (6th Cir.1988); see also United States v. Silverman, 976 F.2d 1502, 1508 (6th Cir.1992) ( citing Roberts v. United States, 445 U.S. 552, 556 (1980)), cert. denied, 113 S.Ct. 1595 (1993). To prevail on such a claim, the defendant must prove that information which was false or unreliable formed the basis of the sentence. United States v. Holmes, 961 F.2d 599, 603 (6th Cir.), cert. denied, 113 S.Ct. 232 (1992); United States v. Robinson, 898 F.2d 1111, 1116 (6th Cir.1990); Stevens, 851 F.2d at 143. The government concedes that the trial court's information on the results of Appellant's cooperation was false; Appellant's cooperation did lead to the indictment and arrest of Dumersier and to the indictment of Billingsley.
 
 
 20
 This leaves the issue of the trial court's reliance on the misinformation. A judge's mere awareness of prejudicial information will not invalidate the sentence unless the judge relied on the information in reaching a sentence. United States v. Hitow, 889 F.2d 1573, 1582 (6th Cir.1989). A judge's statement that he will not consider the prejudicial information goes a long way towards establishing nonreliance. United States v. Hatchett, 918 F.2d 631, 643 (6th Cir.1990), cert. denied, 111 S.Ct. 2839 (1991).
 
 
 21
 This Court recently held that the harmless error rule applies in the context of sentences allegedly based on false information. United States v. Patrick, 988 F.2d 641, 647-48 (6th Cir.), cert. denied, 114 S.Ct. 136 (1993). In the case at bar, the judge cited Appellant's failure to produce any other arrests as part of the justification for the severity of the sentence. After the defense counsel alerted the judge to the inaccuracy, the judge indicated that the knowledge of any resulting arrests would not have affected the outcome of his deliberations on sentence.
 
 
 22
 The record supports that assessment. Between the ages of sixteen and twenty-three, Appellant's age at the time of sentencing, Appellant had engaged in unlawful behavior ranging from reckless driving to theft, assault, and domestic violence. Nevertheless, the judge departed downward two offense levels due to Appellant's substantial assistance to the government and his reluctance to distribute drugs. The government had informed the court of Appellant's full and diligent cooperation. There is no reason to think that the results of that cooperation would have affected the judge's imposition of sentence in this case.
 
 
 23
 Because Appellant received due process, his only remaining claim is a challenge to the degree of the downward departure. As the government correctly points out, this Court does not generally entertain claims of that kind. United States v. Gregory, 932 F.2d 1167, 1169 (6th Cir.1991); United States v. Draper, 888 F.2d 1100 (6th Cir.1989).
 
 III
 
 24
 Based on the foregoing, the judgment of the district court is AFFIRMED.