28 F.3d 1215
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Samir SHABAN, Defendant-Appellant.
 No. 93-5917.
 United States Court of Appeals, Sixth Circuit.
 June 30, 1994.
 
 Before: KEITH, BOGGS and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Samir Shaban, a federal prisoner, appeals the sentence imposed following his guilty plea to one count of wire fraud in violation of 18 U.S.C. Secs. 1343 and 2. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Shaban was indicted in February 1993 on the one count described above, in connection with a scheme by which he purchased mobile telephones under an assumed name and ran up thousands of dollars worth of telephone charges which he attempted to avoid paying by use of the assumed name. In a pretrial memorandum, the government notified the court and the defendant that it intended to seek application of the enhancement provisions of 18 U.S.C. Sec. 3147, because the crime alleged was committed while Shaban was on release from the Southern District of Illinois after entering a guilty plea to charges based upon a similar scheme. Shaban pleaded guilty to the count charged in the instant case on April 28, 1993. In return, the government agreed to recommend a sentence at the lowest end of the appropriate guideline range and, upon Shaban's truthful cooperation, to recommend that no more than two months of Shaban's sentence run consecutively to the sentence imposed by the Southern District of Illinois. Less than two months later, the government filed a notice that it would recommend a sentence more severe than that recommended in p 12(c) of the plea agreement because Shaban had not been truthful regarding his involvement in a similar wire fraud operation in and around the St. Louis area in early 1992. The district court sentenced Shaban on June 17, 1993, to 24 months in prison, with eight months to run consecutively to his sentence from the Southern District of Illinois. He was also sentenced to three years of supervised release and ordered to pay restitution in the amount of $45,814.90.
 
 
 3
 Shaban's court-appointed counsel has filed a motion to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967). In his accompanying brief, counsel raises the following issues: (1) the sentencing court erred by considering a disputed affidavit, (2) the sentencing court was not required to enhance Shaban's sentence, and (3) the government breached the plea agreement by changing its sentencing recommendation. Although Shaban was notified of his right to submit a supplemental brief raising additional issues, none has been received by this court.
 
 
 4
 Upon review, we permit counsel to withdraw from this case because Shaban's appeal is without merit. The brief submitted pursuant to Anders reflects a careful review of the record, concludes that no reversible error exists, and adequately sets forth conceivable issues for appeal. We affirm the district court's judgment because the court did not err in accepting Shaban's guilty plea or in imposing sentence.
 
 
 5
 The district court did not err when it admitted the affidavit of AUSA Clark from the Southern District of Illinois as evidence at the sentencing hearing. A sentencing judge has wide discretion as to the information he may consider at sentencing. See United States v. Tucker, 404 U.S. 443, 446 (1972). He may consider all relevant information, including hearsay, as long as it bears sufficient indicia of reliability to support its probable accuracy and the defendant has an opportunity to refute the hearsay information. See United States v. Holmes, 961 F.2d 599, 603 (6th Cir.), cert. denied, 113 S.Ct. 232 (1992). The affidavit at issue was submitted under oath by an Assistant U.S. Attorney; it thus meets the test of reliability. In addition, Shaban was afforded the opportunity to refute the information contained therein. Thus, the affidavit was properly admitted.
 
 
 6
 The district court also correctly concluded that it was required to enhance Shaban's sentence because he committed it while out on bond from a similar offense. The language of 18 U.S.C. Sec. 3147 is mandatory.
 
 
 7
 Furthermore, the government did not breach the plea agreement by changing its sentencing recommendation that no more than two months of Shaban's sentence run consecutively to the sentence imposed by the Southern District of Illinois. The plea agreement also provided that Shaban cooperate fully and truthfully. As shown by the affidavit of AUSA Clark, however, the government determined that Shaban had lied about his participation in the St. Louis scheme. Because the defendant himself breached the agreement by his untruthfulness, the government no longer was required to adhere to the two-month recommendation. In any event, Shaban understood that the prosecutor's sentencing recommendations were not binding on the court. Indeed, the court followed neither the two-month consecutive sentence provided by the plea agreement, nor the twelve months subsequently recommended by the government.
 
 
 8
 In addition to the issues suggested by counsel, we have examined the record for plain error and to determine whether Shaban's guilty plea was voluntary. No plain error in the proceedings or the computation of the guidelines sentence is apparent from the record. In addition, the transcript of the plea proceeding establishes that Shaban voluntarily, knowingly, and intelligently pleaded guilty under the totality of the circumstances. See Brady v. United States, 397 U.S. 742, 749 (1970); Boykin v. Alabama, 395 U.S. 238, 242-44 (1969).
 
 
 9
 Accordingly, the motion to withdraw as counsel is granted. The district court's judgment, entered on June 17, 1993, is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.