59 F.3d 170
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 David Lawrence GRUBB, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-2441.
 United States Court of Appeals, Sixth Circuit.
 June 20, 1995.
 
 1
 Before: KEITH and BATCHELDER, Circuit Judges, and DUGGAN, District Judge.*
 
 ORDER
 
 2
 David Lawrence Grubb appeals pro se from a district court judgment that denied a motion to vacate, set aside or correct his sentence under 28 U.S.C. Sec. 2255. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R. App. P. 34(a).
 
 
 3
 In 1991, a federal jury convicted Grubb of manufacturing marijuana plants in violation of 21 U.S.C. Sec. 841. He was sentenced to a term of 216 months of imprisonment and 5 years of supervised release. In his Sec. 2255 motion, Grubb alleged that he received ineffective assistance of counsel at trial and at sentencing and that the calculation of his sentence under USSG Sec. 2D1.1 was unconstitutional. The district court denied Grubb's motion on December 5, 1994, and it is from this judgment that he now appeals.
 
 
 4
 The denial of Grubb's current Sec. 2255 motion is reviewed de novo on appeal, although the district court's factual findings are reviewed for clear error. See Gall v. United States, 21 F.3d 107, 109 (6th Cir. 1994). Each of Grubb's claims is based on alleged constitutional error. Thus, relief is appropriate only if these claims rise to the level of constitutional violations which had "a substantial and injurious effect or influence" on the proceedings. See Brecht v. Abrahamson, 113 S. Ct. 1710, 1722 (1993). A de novo review of the record shows that this test has not been satisfied in the present case.
 
 
 5
 To establish ineffective assistance of counsel, Grubb must show that his attorney's performance was deficient and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 694 (1984). Grubb now argues that his counsel was ineffective because she did not investigate and pursue a possible entrapment defense at trial. However, counsel's performance was not deficient, as the evidence indicated that Grubb had been manufacturing marijuana long before the investigation that led to his conviction began. Since counsel's performance was not deficient in a constitutional sense, it is not necessary to determine whether Grubb was prejudiced by the alleged errors. See Krist v. Foltz, 804 F.2d 944, 947 (6th Cir. 1986). Nevertheless, we note that Grubb was not prejudiced by counsel's alleged errors, in light of the overwhelming evidence that was arrayed against him.
 
 
 6
 Grubb also argues that he received ineffective assistance of counsel at sentencing because his attorney did not argue that several misdemeanor offenses were erroneously considered in calculating his criminal history category or that his sentence exceeded the statutory maximum for first-time drug offenders. However, counsel's failure to raise these arguments was not constitutionally deficient because they are both meritless. First, Grubb does not contend that his misdemeanor convictions occurred more than 10 years before his marijuana offense or that they resulted in a sentence of incarceration of less than 60 days, as prescribed by USSG Secs. 4A1.1b and 4A1.2e. Instead, he apparently argues that the trial court should have departed from the guidelines under USSG Sec. 5K2.0. This argument fails because Grubb has suggested no specific reason for departure and also because counsel generally challenged the suggested guideline range at sentencing. See United States v. Brewer, 899 F.2d 503, 506-11 (6th Cir.), cert. denied, 498 U.S. 844 (1990). Grubb's second argument fails because the 18-year sentence that he received clearly falls within the sentencing range that is prescribed for all offenders who manufacture 1000 or more marijuana plants. See 21 U.S.C. Sec. 841(b)(1)(A)(vii) (1991). Although Grubb's failure to satisfy the performance prong of the Strickland test makes it unnecessary to reach the issue of prejudice, we also note that he was not prejudiced by counsel's failure to pursue these meritless arguments.
 
 
 7
 Grubb now challenges the constitutionality of USSG Sec. 2D1.1(c), which treats each marijuana plant as the equivalent of 1 kilogram of marijuana in cases that involve more than 50 plants. This claim is not reviewable under Sec. 2255, because Grubb has not shown cause and prejudice that would excuse his failure to raise it on direct appeal. See Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir. 1993). In his Sec. 2255 motion, Grubb alleged that he did not raise this claim before because he had relied on his attorney to present all of his arguments. However, attorney error will not establish cause unless it deprived Grubb of his constitutional right to the effective assistance of counsel. See Murray v. Carrier, 477 U.S. 478, 488 (1986). Grubb has not met either part of the Strickland test here because our court has already determined that the disputed provision of USSG Sec. 2D1.1(c) is constitutional. See United States v. Holmes, 961 F.2d 599, 601-03 (6th Cir.), cert. denied, 113 S. Ct. 232 (1992). Review of the merits is independently precluded by Grubb's failure to establish cause. See Murray, 477 U.S. at 494-95. Nevertheless, it is clear that Grubb was not prejudiced by the failure to raise this claim on direct appeal, as it would have been rejected based on Holmes. See United States v. Edge, 989 F.2d 871, 876 (6th Cir. 1993) (per curiam).
 
 
 8
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Patrick J. Duggan, United States District Judge for the Eastern District of Michigan, sitting by designation