101 F.3d 702
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Daniel L. ROSS, Petitioner-Appellant (No. 96-3349),
Defendant-Appellant (No. 96-3397),
v.
UNITED STATES of America, Respondent-Appellee (No. 96-3349),
Plaintiff-Appellee (No. 96-3397).
 Nos. 96-3349, 96-3397.
 United States Court of Appeals, Sixth Circuit.
 Oct. 28, 1996.
 
 Before: GUY, RYAN, and COLE, Circuit Judges.
 
 ORDER
 
 1
 This pro se federal prisoner appeals a district court judgment denying his motion to vacate sentence filed pursuant to 28 U.S.C. § 2255, and a district court judgment granting his motion to correct sentence pursuant to 18 U.S.C. § 3582(c)(2). The appeals have been consolidated by order of the court. These cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 After a jury trial, Daniel Ross was convicted of one count of conspiracy to manufacture in excess of 8,000 marijuana plants in violation of 21 U.S.C. § 846; one count of the manufacture of in excess of 8,000 marijuana plants in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(vii) and 18 U.S.C. § 2; and one count of possession with the intent to distribute in excess of 8,000 marijuana plants in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(vii). The district court sentenced Ross to 135 months of imprisonment and five years of supervised release. On appeal, this court affirmed Ross's conviction and sentence. United States v. Holmes, 961 F.2d 599 (6th Cir.), cert. denied, 506 U.S. 881 (1992).
 
 
 3
 In his motion to vacate sentence, Ross claimed that: 1) the district court improperly sentenced him pursuant to 21 U.S.C. § 841(b)(1)(A), and should have sentenced him pursuant to 21 U.S.C. § 841(b)(1)(B); 2) the district court violated his due process rights by failing to make a factual finding as to the scope of activity that he agreed to jointly undertake; 3) the district court relied on false information during sentencing; and 4) defense counsel was ineffective during sentencing and direct appeal. Ross also filed a motion to correct his sentence pursuant to 18 U.S.C. § 3582(c)(2). The district court granted that motion and reduced Ross's sentence from 135 months to 120 months in prison (the statutory minimum under 21 U.S.C. § 841(a)(1) and (b)(1)(A)(vii)). The district court modified Ross's sentence in light of recent amendments to the sentencing guidelines. The court, however, noted that despite the change in the guidelines, the statutory mandatory minimum sentence of 10 years still applied to Ross's case because it involved at least 1000 marijuana plants. The district court denied Ross's motion to vacate sentence. Ross appealed both judgments. The appeal from the district court's judgment denying Ross's motion to vacate sentence is designated as case number 96-3349. The appeal from the judgment granting his motion to correct sentence is designated as case number 96-3397. The cases have been consolidated on appeal.
 
 
 4
 In his timely appeal, Ross reasserts that the district court attributed an improper amount of marijuana to him for purposes of relevant conduct.
 
 
 5
 Initially, we note that Ross does not reassert claims 2 and 4 on appeal. Issues which were raised in the district court, yet not raised on appeal, are considered abandoned and not reviewable on appeal. Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992). The only issues remaining on appeal deal with the quantity of marijuana attributable to Ross for purposes of relevant conduct.
 
 
 6
 Upon review, we conclude that the record does not reflect a fundamental defect in the proceedings that inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure. Reed v. Farley, 114 S.Ct. 2291, 2300 (1994); United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 508 U.S. 943 (1993). Nor does the record reflect an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. Brecht v. Abrahamson, 507 U.S. 619, 637-38 (1993); see also United States v. Ross, 40 F.3d 144, 146 (7th Cir.1994) (applying Brecht to § 2255 motion to vacate).
 
 
 7
 Accordingly, the district court's judgment denying Ross's motion to vacate sentence is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit, for the reasons set forth in the district court's opinion and order dated February 26, 1996. The district court's judgment granting Ross's motion to correct sentence pursuant to 18 U.S.C. § 3582(c)(2) is also affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit, for the reasons set forth in the district court's order dated February 24, 1996.